UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| LAURA BLEVINS-CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 5:22-CV-00281-GFVT-MAS |
| | ) |
| BEACON COMMUNITIES, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION & ORDER**

Defendants Beacon Communities LLC, The Beacon Companies, Inc., Keystone Values LLC (collectively, the three entities will be referred to as the "Parent Companies"), NDC Realty Investments LLC, and NDC Real Estate Management LLC (collectively, with the prior entities, will be referred to as the "Beacon Defendants") have jointly filed a Motion for Protective Order [DE 100] seeking to prevent the corporate depositions of the Parent Companies. The basis for the motion is that the Beacon Defendants have previously filed a motion to dismiss certain crossclaims of Defendants NIDC Housing Corp. and Malvern Service Corp. (collectively, "NIDC Defendants") targeting the latter's corporate veil piercing theory against the Parent Companies. In short, the Beacon Defendants argue that the Court should not allow the NIDC Defendants to depose the Parents Companies considering the pending motion to dismiss. The NIDC Defendants argue that until such motion is granted,

discovery on their claims should proceed. Similarly, Plaintiff Laura Blevins-Clark, who has similar corporate veil theories against the Parent Companies and is not subject to the motion to dismiss, contends she should be able to proceed regardless. To her, the Beacon Defendants argue that such a deposition is burdensome and prejudicial.

Having fully considered the arguments of the parties, the Court holds that the Beacon Defendants are not entitled to a protective order.

## I.  RELEVANT BACKGROUND

The Court need not explore every aspect of this complicated case to resolve this dispute between the parties. Generally, Blevins-Clark has filed the current lawsuit against the Beacon Defendants as well as the NIDC Defendants contesting the partnership interest in five partnerships. The Parent Companies, as the short cite would suggest, are not among these five partnerships but serve as the parent companies to some of these five partnerships. Blevins-Clark has asserted claims sounding in both contract and equity. [DE 45]. Moreover, as this Court has previously detailed, Blevins-Clark has sought to hold the Parent Companies "liable for the alleged tortious actions of their subsidiary companies." [DE 71, Page ID# 1171].

The Beacon Defendants promptly filed a motion to dismiss attacking, among other issues, Blevins-Clark's allegations that she could pierce the corporate veil to the Parent Companies. [DE 48]. The Court rejected the motion. [DE 71]. "At this

juncture, Ms. Blevins-Clark has alleged enough facts that might plausibly support veil piercing." [DE 71, Page ID# 1173].

Soon after, NIDC Defendants filed crossclaims against the Beacon Defendants. As a basis for their claims, NIDC argued that "the Beacon Defendants acted as one entity and were related through affiliation, association, ownership, agency relationships, and/or shared employees such that the corporate structures of those entities were disregarded in the context of this Crossclaim." [DE 73, Page ID# 1196-97]. In other words, NIDC Defendants also sought to pierce the corporate veil of some of the partnerships to the Parent Companies.

The Parent Companies once more filed a motion to dismiss NIDC Defendants' crossclaims arguing, *inter alia*, that there was no factual support to permit piercing of the corporate veil. [DE 78]. The motion is pending before the Court.

In the interim, discovery continued. In October 2024, Blevins-Clerk provided a notice of a Rule 30(b)(6) deposition for the Beacon Defendants. [DE 104, Page ID# 1898]. The topics for the deposition included issues related to Blevins-Clark's veil piercing claim. Blevins-Clark, however, agreed to delay the corporate depositions until the resolution of the Beacon Defendants' pending motion to deposit the disputed funds with the court [DE 84]. More recently, the NIDC Defendants indicated they wished to take the corporate depositions of the Beacon Defendants. The NIDC Defendants have not provided a notice for this deposition, but they have indicated their veil piercing claims would be included as a topic. The Beacon Defendants balked.

The Beacon Defendants filed this motion for a protective order seeking to stop any depositions that explored any topics concerning veil piercing.

## II. ANALYSIS

During litigation, every party is entitled to take discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).  However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1)(G).  Rule 26 affords the Court with broad discretion to grant or deny protective orders. *Procter & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

Because entry of a protective order is contrary to the basic policy in favor of broad discovery, the party that seeks a protective order has a heavy burden to show substantial justification for withholding information from the public. *See Williams v. Baptist Healthcare Sys.*, No. 3:16-CV-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018); *Procter & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and is circumscribed by a long-established tradition which values public access to court proceedings."); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) ("As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying public access to the proceedings.").  Good cause to enter a protective order exists when the party moving for the protective order

"articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D. D.C. 1987)).

Here, the Beacon Defendants have not met their burden. Per the Beacon Defendants, the corporate depositions are prejudicial with their motion to dismiss pending. [DE 100-1, Page ID# 1413-14]. The Court cannot agree. First, as to the Beacon Defendants' pending motion to dismiss, the motion only applies to the NIDC Defendants and not to Blevins-Clark. The Court has already rejected the Beacon Defendants' attempt to dismiss the veil piercing claim as to Blevins-Clark. [DE 71]. There is simply no reason Blevins-Clark cannot explore her own claims in discovery even though the Beacon Defendants think they are without merit. For the NIDC Defendants, assuming they provide notice of a deposition under Rule 30(b)(6), there is no reason discovery cannot proceed pending a motion to dismiss. Certainly not where the Court has already rejected a similar motion once before with another party. And even if the claims are dismissed, the NIDC Defendants still have the right to seek discovery regarding Blevins-Clark's theory of corporate veil piercing per Rule 26(b)(1). There is no outcome of the motion to dismiss which will prevent Blevins-Clark or the NIDC Defendants from exploring the veil piercing claims of, at minimum, Blevins-Clark.

Second, turning to the argument that the depositions are burdensome and prejudicial, the fact that there are five entities resulting in five corporate depositions is a reality, not a burden. No party is responsible for the fact that there are that

many entities at issue. It is simply a product of the litigation and the claims involved. The parties may to streamline the depositions. For example, if the parties agree, the Beacon Defendants could certainly produce the same corporate representative for all five entities. Or the parties could agree that certain topics apply to more than one of the entities. Also, the Beacon Defendants have preserved their right to object to the scope of the notice of depositions, and this Order does not prevent the Beacon Defendants from exercising any and all objections it finds meritorious. Rather, the Court is merely holding that any objection based upon the pending motion to dismiss or veil piercing generally is without merit.

### III.     CONCLUSION

For the reasons set forth above, the Beacon Defendants' Motion for Protective Order [DE 100] is **DENIED**. The undersigned enters this Order on non-dispositive pretrial matters pursuant to Rule 72(a) and 18 U.S.C. § 636(b)(1)(A). A party may serve and file objections to this Order, to be considered by the District Judge, within 14 days after being served with a copy.

Entered this 6th of June, 2025.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY