UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| LAURA BLEVINS-CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 5:22-CV-00281-GFVT-MAS |
| | ) |
| BEACON COMMUNITIES, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION & ORDER</u>**

Defendants NIDC Housing Corp. and Malvern Service Corp. (collectively, "NIDC Defendants") have filed a motion to compel and motion for sanctions asking that Defendant NDC Realty Investments, LLC ("NDCRI") produce a corporate representative to answer certain, targeted questions. [DE 176]. Both NDCRI and Plaintiff Laura Blevins-Clark oppose the request. [DE 180, 181].

The Court is quite familiar with the specific dispute having previously addressed the issue in a prior opinion [DE 150, Page ID# 3958-62] and again in later provisional rulings [*See* DE 162, 172, 175]. Regardless, the parties remain at loggerheads. Following further briefing and careful review by the Court, the Court grants the motion as detailed below.

## I. PROCEDURAL HISTORY

The NIDC Defendants scheduled the corporate deposition of, among other entities, NDCRI. Noticed topics 5-7 asked NDCRI to produce a representative to speak to its understanding of various partnership agreements. NDCRI objected to the question arguing such a question was irrelevant as it sought a legal conclusion.

NIDC filed a motion to compel NDCRI to answer the questions. The Court rejected NDCRI's objection. "[T]here is a stark difference between a witness being asked for their legal conclusion as opposed to their general understanding of a contract as a party to the contract. The former is impermissible while the latter is relevant to the parties understanding of their own agreement." [DE 150, Page ID# 3960].

The parties then proceeded to the corporate deposition of NDCRI. However, NDCRI's "attorney instructed the corporate representative not to answer questions that involved the Beacon Defendants' understanding" as it invaded the attorney-client privilege. [DE 162]. The Court, after hearing arguments of the party, ordered NDCRI to again provide its understanding of the contractual provisions while avoiding any privileged communications. [DE 162].

The parties returned a month later with the same dispute albeit with a different basis by NDCRI for refusing to answer the question. This time, the focus was on NDCRI's understanding of the meaning of Section 7.18 of the partnership agreement. NDCRI argued that because the relevant section was deleted by way of a 2004 amendment, it no longer needed to provide its understanding of that provision.

The Court disagreed, concluding that providing understanding of prior iterations of contracts between the parties may provide information related to the claims and defense of a party permissible for discovery. [DE 172].

Like a broken record, the parties were back before the Court again only two weeks ago arguing over the same issue. NDCRI now claimed it did not need to produce a corporate representative because it did not have any knowledge about Section 7.18. The Court rejected this newest argument. NDCRI "must provide a Rule 30(b)(6) representative to testify on any and all noticed topics and respond to all questions, even where the response is that the company does not have any knowledge of the matter." [DE 175].

In response to this latest Order, NDCRI still refused to produce a corporate representative to speak to its understanding of Section 7.18. Per NDCRI, because the company did not have any knowledge about that provision, it did not need to produce a corporate representative to testify to that effect.

## II.  ANALYSIS

The NIDC Defendants have moved to compel NDCRI to produce a corporate representative to speak to its understanding of Section 7.18 of the partnership agreement. Both Blevins-Clark and NDCRI have laid out several arguments against such a request, some procedural and some substantive. Considering the long-standing and often repeated dispute over this issue, the Court endeavors to address every argument raised by the parties.

A. **TIMELINESS OF THE MOTION**

One of the first arguments raised against the NIDC Defendants' motion to compel is from Blevins-Clark contending the motion is untimely. Although framed as such, Blevins-Clark's argument really centers on a concern that another in a long line of discovery dispute may jeopardize the discovery deadlines in the case. "After four years of litigation, [Blevins-Clark] is ready for her day in Court, and she objects to the present motion to the extent that either [NIDC Defendants] or the Beacon Defendants may try to use the present standoff as an excuse to delay the filing of dispositive motions and/or to continue the trial date." [DE 180, Page ID# 4546]. The Court can and does sympathize with Blevins-Clark's frustrations over the endless discovery disputes and delays, primarily caused by the defendants fighting among themselves. Regardless, the motion is timely as the discovery dispute, as described above in the procedural history, pre-dates the discovery cutoff in this case.

B. **CUMULATIVE NATURE OF THE QUESTIONING**

Blevins-Clark also argues that the additional questioning sought by the NIDC Defendants of NDCRI is cumulative.

> The [NIDC] Defendants want [NDCRI] to testify about its interpretation of Section 7.18 prior to the 2004 amendment. While this information is certainly relevant, the evidence that [the NIDC Defendants] seek is already in the record. … Based upon [Paul] Bouton's email[, in-house counsel for Beacon,] and deposition testimony, the [NIDC] Defendants already possess all the ammunition they need to make any argument that they wish to make at the summary judgment stage or at the trial of this matter regarding Beacon's prior interpretation of section 7.18.

[DE 180, Page ID# 4546-47]. The argument, while well intended, ignores the purpose of a Rule 30(b)(6) deposition. "A Rule 30(b)(6) witness differs from a 'mere corporate

employee' because, unlike an individual witness, the testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation and testimony under the rule binds the corporation." *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019). The testimony of Bouton does not bind the corporation.[1] Blevins-Clark believes that Bouton's prior testimony and emails are enough for the NIDC Defendants to make their point at summary judgment. Maybe or maybe not, but the Court is not in the business of questioning the strategic litigation decisions of a party. As this Court has already said, "Rule 26 requires discovery to be relevant to the claims and defenses in the case and proportionate to the needs of the case. Outside of that, the Court will not weigh in on the judgment of the parties, if, for example, one party wishes to take a deposition that another party believes is unwise." [DE 172, Page ID# 4103].

C.  **CORRECT LEGAL ENTITY**

NDCRI contends that the NIDC Defendants directed their motion to compel as to the Beacon Defendants, a common definition in this case that refers collectively to NDCRI, Keystone Values, LLC, NDC Real Estate Management LLC, Beacon Communities, LLC, and The Beacon Companies, Inc. However, NDCRI is the only one of those entities that is a party to the relevant partnership agreements at issue. NDCRI is correct; the motion should be targeted only as to NDCRI. However, the argument does not defeat the motion as NDCRI is part of the defined Beacon

---

[1] NDCRI could elect to be bound by the testimony of Bouton. *Woods v. Std. Fire Ins. Co.*, 589 F. Supp. 3d 675 (E.D. Ky. 2002) (permitting a company to be bound by an individual's discovery deposition to avoid cumulative testimony).

Defendants charged with the motion. There's no reason to believe this shorthand has caused any prejudice or confusion for any entity.

### D. PRIOR COMPLIANCE

NDCRI next touts its prior compliance with the Court's September 26, 2025 Memorandum Opinion and Order [DE 150] by producing a corporate representative to respond to questions about Topics 5-7. Per NDCRI's long recitation of deposition questions, it contends it "has already offered its understanding and its position on each of these Topics in deposition testimony." [DE 181, Page ID# 4574]. Thus, per NDCRI, because it feels it has answered enough questions on a topic, the NIDC Defendants are not permitted to ask more questions.

Depositions do not work that way; the witness does not get to determine when he, she, they, or it feels the topic is exhausted and questioning must cease. The NIDC Defendants have noticed the depositions and only they determine when they have exhausted their questions on a given topic. Unless privileged or the deposition lasts longer than the bounds of the Federal Rules of Civil Procedure, the NIDC Defendants can continue to ask questions on a given topic regardless of a witness's prior compliance or cooperation.

### E. HYPOTHETICALS

Another of NDCRI's arguments against the NIDC Defendants' motion to compel is that the NIDC Defendants have asked several hypotheticals in and around Topics 5-7. [See DE 181, Page ID# 4574-76]. The jurisprudence is clear on this point.

> The Court agrees that hypothetical questions are not appropriate for a Rule 30(b)(6) deposition since the deponent will not be able to prepare for them. And a hypothetical question would require the witness to

answer with personal opinion rather than the corporate position. A "Rule 30(b)(6) witness does not give his own personal opinions but instead presents the corporation's 'position' on the topic.'"

*Edwards*, 331 F.R.D. at 125–26 (citing several cases in support; internal citations omitted). To the extent the NIDC Defendants seek to ask hypothetical questions of the corporate representative for NDCRI on this or any topic, such a request is denied.

### F. LACK OF INFORMATION

Again, the NIDC Defendants seek NIDCRI's understanding of Section 7.18 of the partnership agreement prior to the 2004 amendment. The question is simple and straightforward. NDCRI is a party to the partnership agreement and must provide any knowledge and/or understanding of that provision regardless of whether NDCRI believes that provision is no longer in effect. If NDCRI has no knowledge or information in response to that question, then so be it.[2] But NDCRI, as a company, must go on record as to that position through a deposition or stipulation. The entire purpose of the discovery deposition is to hold a party accountable as to their discovery answers when their response is brought before the Court or the jury. The same reason drives requiring a party to verify their discovery responses or requiring the invocation to a privilege be done so under oath and in response to specific questions. Letters from lawyers or representatives do not meet the moment. Simply because

---

[2] A company's statement that it does not have knowledge or information about a given topic does not prevent counsel for that company to make legal arguments about the same issue. The Court would agree with NDCRI's counsel that NDCRI's counsel remains free to argue and advance its legal interpretation of the partnership agreements. Rather, a response by NDCRI at its deposition stating it has no information about the understanding of the agreement means that NDCRI would be precluded from citing new facts or new evidence that would support its legal argument.

the answer appears to be a foregone conclusion does not mean that a party does not have a right to require that the foregone conclusion be sworn and under oath.

G.  **REQUEST FOR SANCTIONS**

The Court may impose Rule 11 sanctions *sua sponte* or, as sought here, pursuant to a party's motion. *See* FED. R. CIV. P. 11(c)(1)–(3). The test for determining whether to impose "sanctions is whether [an] individual's conduct was reasonable under the circumstances." *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002) (quoting *Union Planters Bank v. L & J Dev. Co., Inc.*, 115 F.3d 378, 384 (6th Cir. 1997)). Reasonableness naturally signals an objective standard. *See Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990).

Having written about this discovery dispute now on several occasions [DE 150, 162, 172, 175], the Court appreciates that the dispute has evolved over time, and NDCRI has made an effort to comply with the Court's prior orders while attempting to maintain its legal position and preserve its attorney-client privilege. And while the Court has often rejected some of these efforts, courts should test the reasonableness of conduct by determining "what was reasonable to believe at the time the pleading, motion, or other paper was submitted[,]" and should avoid using the "wisdom of hindsight" in their determinations. *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010). Consequently, the request for sanctions is denied.

### III.  CONCLUSION

For the reasons set forth above, the NIDC Defendants' motion to compel [DE 176] is **GRANTED IN PART, DENIED IN PART**. NDCRI must produce a

corporate representative within 14 days of this Order to affirm its understanding of Section 7.18 of the partnership agreement prior to the 2004 amendment. The NIDC Defendants are not permitted to ask hypotheticals in the process of obtaining this information.

The NIDC Defendants' motion for sanctions [DE 176] is **DENIED**.

NDCRI's motion seeking relief from the Court's February 2, 2026 provisional ruling [DE 182] is **DENIED**.

The undersigned enters this Order on non-dispositive pretrial matters pursuant to Rule 72(a) and 18 U.S.C. § 636(b)(1)(A). A party may serve and file objections to this Order, to be considered by the District Judge, within 14 days after being served with a copy.

Entered this 18th of February, 2026.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY